IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:19CR00862-DCC(l) |
| | ) | |
| | ) | |
| vs. | ) | **CONSENT ORDER** |
| | ) | |
| **LARRY LEE BLAKNEY** | ) | |

This matter comes before the Court pursuant to a motion under the authority of 18 United States Code §§ 4241 and 4247. Upon consideration of the forensic evaluation report dated May 20, 2020, prepared by Lisa Feldman, Psy.D., forensic psychologist, Federal Detention Center, Miami, Florida, this Court finds as follows:

1. That pursuant to Title 18, United States Code, Section 4241(d), by a preponderance of the evidence, the Defendant is presently suffering from a mental disease which interferes with his ability to understand the proceedings against him and assist counsel in his own defense. Consequently, the Court finds that the Defendant is incompetent to stand trial and is therefore committed to the custody of the Attorney General for a period not to exceed four (4) months, to determine whether there is a substantial probability that the Defendant will in the foreseeable future become competent to stand trial.

2. That the Defendant should be examined and treated at a suitable facility pursuant to 18 U.S.C. § 4247(a)(2).

3. That pursuant to Title 18, United States Code, Section 316l(h)(l)(A), such time as is taken up by the examination may properly be deemed excludable time under the Speedy Trial Act. It is therefore ORDERED

A. That the Defendant, Larry Lee Blakney, be committed to the custody of the Attorney General with said commitment not to exceed four (4) months without further order of this Court;[1]

B. That such commitment be for the purpose of determining whether or not there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed;

C. That the Defendant's examination be commenced on an expedited basis and that as soon as practicable, a licensed or certified psychiatrist or psychologist prepare a forensic addendum to the May 20, 2020, forensic evaluation report. In the event that the Defendant resists or ceases to comply with medication, the forensic addendum shall include the factors addressed in *Sell v. United States,* including:

1. whether Mr. Blakney is currently a danger to himself or others, if he refuses to take anti-psychotic medication;

2. whether Mr. Blakney, considering if he refuses to take anti-psychotic medication, would be a danger to himself or others if he is released from custody;

3. whether the involuntary administration of anti-psychotic medication is substantially likely to render Mr. Blakney competent to stand trial; and

4. whether such administration is substantially likely to have side effects that will interfere significantly with Mr. Blakney's ability to assist counsel in conducting a trial defense;

5. whether alternative less intrusive treatments are likely or unlikely to achieve substantially the same results;

6. whether the administration of the medication is medically appropriate, i.e., in the Defendant's best interests in light of his medical condition;

---

[1] The four (4) month time period shall commence on the date the defendant is actually in the custody of the facility at which he will receive treatment.

1

7. a detailed description of the particular course of treatment proposed including: ·

- the reasons for choosing the particular course of treatment;

- the estimated time the proposed treatment plan will take to restore Mr. Blakney's competence;

- the criteria to be applied in deciding when to discontinue treatment;

- the particular medication(s), including name(s) and dose range(s), to be administered to Mr. Blakney to restore his competency;

- the treatment plan's probable benefits and side effect risks for Mr. Blakney's particular medical condition;

- how the treatment plan will deal with probable side effects; and

- the reasons that the benefits of the treatment plan outweigh the costs of its side effects.

D. Mr. Blakney may not be given any medication against his will for the purpose of restoring his competence to understand the nature of the proceedings against him or to assist his counsel until further order of this court, which shall issue only after notice to all parties with an opportunity to be heard.

E. The Court would also like to be notified if an MRI or other diagnostic test becomes medically necessary to evaluate any of the above-referenced factors.

1. That the forensic addendum requested herein he filed with this Court and copies be provided to William F. Nettles, IV, Counsel for the Defendant, and Assistant United States Attorney Lauren Hummel; and

2. That the time for said psychiatric examination and treatment be excluded time in computing the time within which further proceedings shall commence in connection with this action, in accordance with Title 18, United States Code, Section 316l(h)(l)(A).

3.  That the Defendant, if restored to competence, remain at his current Bureau of Prisons facility until further Order of this Court. The Defendant shall not be transported to any other location without prior authorization of this Court.

AND IT IS SO ORDERED.

s/ Donald C. Coggins Jr.
_____
**DONALD C. COGGINS, JR.**
**UNITED STATES DISTRICT JUDGE**

Florence, South Carolina

June 10, 2020

I CONSENT:                                              I CONSENT:

/s/ Lauren Hummel,                                      /s/ William F. Nettles, IV,
Lauren Hummel, AUSA                                     William F. Nettles, IV, AFPD