IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00862-DCC |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Larry Lee Blakney. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant Blakney's Motion to Dismiss, seeking the dismissal of any further mental health proceedings against him and his immediate release. ECF No. 78. For the reasons that follow, the Motion is denied.

On June 10, 2020, Mr. Blakney was found incompetent and committed to the custody of the Attorney General for a period of four months[1] to determine if his competence could be restored. ECF No. 53. For reasons unknown to the Government and to this Court, his subsequent transportation to Federal Medical Center, Butner ("FMC Butner"), was delayed by approximately 96 days, and he did not arrive at FMC Butner until September 16, 2020.[2] On November 18, 2020, the Court granted an extension to complete Mr. Blakney's psychiatric exam until January 13, 2021, or 119 days after his arrival at FMC Butner. ECF No. 56. At a subsequent hearing, Mr. Blakney was again found incompetent to proceed. ECF Nos. 61, 63.

---

[1] The Court's order, which was entered by consent, specified that the four-month period "shall commence on the date the defendant is actually in the custody of the facility at which he will receive treatment." ECF No. 53 at 2 n.1.

[2] In its briefing, the Government posits that the delay may have resulted from an administrative error in the receipt and entry of the Court's order. The Court also notes that during the time frame in question, transfers within the Bureau of Prisons were delayed and sometimes suspended due to the ongoing COVID-19 pandemic.

1

The statute pursuant to which Mr. Blakney was committed provides that "[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]"  18 U.S.C. § 4241(d)(1).  Mr. Blakney's position is that his commitment should have been completed no later than October 10, 2020, four months after the Court's initial order.  Moreover, he contends that because the four-month period could only be extended by a finding pursuant to 18 U.S.C. § 4241(d)(2), the extension granted by the Court was without effect, and from that time forward he could only be held for an additional reasonable period of time until the pending charges against him were disposed of according to law.  *See* ECF No. 78.  Relying principally on *United States v. Wayda*, 966 F.3d 294, 297 (4th Cir. 2020), Mr. Blakney argues that the total length of his commitment following October 10, 2020, was unreasonable and that he must therefore be released.

The Court does not agree.  First, the Court agrees with the Government that the four-month period mandated by § 4241(d)(1) encompasses the defendant's hospitalization, not the time it takes to transport him to the medical facility.  This result is consistent with both the plain language of the statute and persuasive out-of-circuit authority. *See United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015) ("The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization . . . [t]he statutory period was therefore triggered when Villegas arrived at FMC-Springfield[.]"); *United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008) ("[T]he Attorney General did not

actually 'hospitalize the defendant for treatment' . . . until December 22, 2004, when Magassouba was admitted to Butner."); *see also United States v. Wills*, 2020 WL 53850, at *3–4 (S.D.W. Va. Jan. 3, 2020) (adopting the reasoning of *Villegas* and *Magassouba* and concluding that "the time period for conducting the evaluation did not begin to run until the defendant arrived at FMC Butner for evaluation").

Because Mr. Blakney's actual period of hospitalization did not exceed four months, the Court finds no statutory violation with respect to the delay in transportation.[3] Nor does the Court find that *Wayda*, which addressed the question of unreasonable delay in pursuing civil commitment after a finding of unrestorability, is apposite to the time period at issue. In short, the 96-day delay in transportation did not occasion any unreasonable time period of commitment. Mr. Blakney's Motion to Dismiss [78] is accordingly **DENIED**.

AND IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 3, 2021
Spartanburg, South Carolina

---

[3] The Court notes in passing that an extension *beyond* four months of hospitalization, absent a further finding pursuant to 18 U.S.C. § 4241(d)(2), might well have been improper and without effect. However, the extension granted by the Court on November 18, 2020, only "extended" the period of hospitalization to a date that was less than four months after Mr. Blakney's arrival at FMC Butner. Therefore, with or without the order granting an extension, the length of Mr. Blakney's hospitalization complied with § 4241(d).